IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TYLER GAINES,

Plaintiff, on behalf of himself and others similarly situated,

vs.

Case No. CIV-15-414-C

MIDWEST SPORTING GOODS DISTRIBUTORS, INC.; MIDWEST RACQUETBALL AND SPORTING GOOD DISTRIBUTORS, INC.; and JOHN H. LASSITER,

Defendants.

MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion for Conditional Class Certification, to Approve Notice and Consent Forms, for Authorization to Mail Notice and Consent Forms to Putative Plaintiffs and for Defendants to Identify Putative Plaintiffs (Dkt. No. 20). According to Plaintiff, he was not paid proper wages and as a result is entitled to recover damages under the FLSA and the Oklahoma Protection of Labor Act.[*]

Plaintiff filed the present action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and now requests the Court to conditionally certify a collective action against the Defendants. To determine whether or not a collective action should proceed, the standard requires only "substantial allegations that the putative class members

[*] At this time, Plaintiff is not seeking certification of the state law claims, but only the FLSA claims. Thus, at this stage the traditional standards applicable to class actions set forth by Fed. R. Civ. P. 23 do not apply.

were together the victims of a single decision, policy, or plan." Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001) (internal quotation marks and citations omitted). The Court is not evaluating the merits of Plaintiff's claims, but only whether or not there exists other putative plaintiffs who may assert similar claims. See Adamson v. Bowen, 855 F.2d 668, 676 (10tgh Cir. 1998). Defendants object to Plaintiff's request for conditional certification, arguing that Plaintiff's claim is precluded because he failed to exhaust his administrative remedies; then because Plaintiff is not a proper Plaintiff, Defendants argue that the collective action is also precluded.

Fatal to Defendants' argument is the fact that Defendants have offered no authority or argument demonstrating a requirement that Plaintiff comply with the Oklahoma Administrative Procedures Act before pursuing a claim in federal court based on a federal law. Rather, Defendants point to the fact that Plaintiff filed a letter with the Oklahoma Department of Labor making a wage claim and then leap to the conclusion that this step created a requirement on Plaintiff to exhaust all administrative remedies available. However, Defendants fail to offer any authority demonstrating a requirement to exhaust prior to pursuing federal law based claims.

Defendants alternatively suggest that Plaintiff's claims are precluded under the doctrine of claim preclusion. Under the clearly established elements for that doctrine, it does not apply. Claim preclusion is an affirmative defense, thus, Defendants bear the burden of pleading and proving the claim. See Fed. Ins. Co. v. United States, 618 F.2d 661, 662-63 (10th Cir. 1980). At a minimum, before claim preclusion can exist, there must have been a

full and fair opportunity to litigate the issue in the prior action. See Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000). As Plaintiff notes and supports with evidence, the claim before the Oklahoma Labor Department was dismissed and Plaintiff given leave to pursue his claims in court. Defendants have failed to demonstrate that Plaintiff's claims are subject to the claim preclusion doctrine. Accordingly, the Court finds that Plaintiff's request for conditional certification of this matter as a collective action should be granted.

Plaintiff requests the Court approve the Notice attached to his Motion. Defendants raise a number of objections to the proposed Notice. First, Defendants argue that Plaintiff's proposal directs the Notice to all current and former employees of Defendants. Defendants argue that this overbroad. According to Defendants, the Notice should be sent only to outside salespersons, as those are the only individuals who are similarly situated to Plaintiff. The Court disagrees. Plaintiff alleges that Defendants had a policy or plan to make unlawful deductions from employees' wages. At this stage, it would be improper to limit the employees until a better understanding can be reached of the policy, if any, behind the allegedly improper deductions. Accordingly, this objection will be overruled.

Defendants next object to the third paragraph of the second major section of the Notice, which states, "This notice is to advise you of your legal rights to unpaid wages and liquidated damages that you may have in connection with this lawsuit." Defendants argue this sentence should be revised to state that the Notice is to advise of a legal right to pursue any claim to unpaid wages and liquidated damages as a result of wage deductions in connection with a lawsuit. Plaintiff objects to this language, arguing that it could imply to

a putative plaintiff that they would need to pursue a separate lawsuit rather than to opt in. After review, the Court finds no meaningful difference between the language proposed by either party and therefore will proceed with the language proposed by Plaintiff.

Next, Defendants object to the description of the litigation paragraph, arguing it is unclear regarding the summary of Plaintiff's allegations and the description of Defendants' position is inadequate. Plaintiff has proposed a modification to correct the error in the description of the litigation and agrees that Defendants' denial could be modified.

Defendants object to the last sentence regarding the Court's position on the litigation and Plaintiff agrees that that sentence can be changed to, "The Court has taken no position on the merits of the case."

Finally, Defendants object to the portion of the Notice outlining the description of the class, as it is not limited to only outside salespersons. For the reasons noted above, the description as it exists in Plaintiff's Notice is sufficient. The Notice proposed by Plaintiff will be approved, subject to the changes noted herein.

Defendants offer no objection to Plaintiff's request for production of identity, address, and year of birth of all the sales associates who worked during any period between November 13, 2012, and the present, and therefore that request will be granted.

As set forth more fully herein, Plaintiff's Motion for Conditional Class Certification, to Approve Notice and Consent Forms, for Authorization to Mail Notice and Consent Forms to Putative Plaintiffs and for Defendants to Identify Putative Plaintiffs (Dkt. No. 20) is GRANTED in part. Plaintiff shall begin sending the Notices and the Opt-In forms to the

putative class. Defendants shall produce the requested employee information within 60 days of the dates of this Order.

IT IS SO ORDERED this 4th day of January, 2016.

ROBIN J. CAUTHRON
United States District Judge